IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                              No. 99-11273
                           Summary Calendar
                         _____


ROBERT V. DETOUR, Etc.; ET AL.,                    Plaintiffs,


ROBERT V. DETOUR, a citizen of California,
on behalf of himself and as Co-Administrator
of the Claude D. Smith Joint Venture;
CLAUDE D. SMITH, a citizen of California,
on behalf of himself and as Co-Administrator
of the Claude D. Smith Joint Venture,

                                        Plaintiffs-Appellants,

versus

LEONARD D. MILLER, Etc.; ET AL.,

                                        Defendants,

ELWIN MOORE, a citizen of Canada;
SOVEREIGN DEVELOPMENT MANAGEMENT COMPANY,
a Canadian Corporation,

                                        Defendants-Appellees.

                      --------------------
             Appeal from the United States District Court
                 for the Northern District of Texas
                       USDC No. 4:98-CV-427-A
                      --------------------
                        October 19, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Robert V. Detour and Claude D. Smith appeal the granting of

summary judgment in favor of the defendants-appellees.  They aver

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the district court erred in disregarding Smith's affidavit offered in support of their opposition to the motion for summary judgment and erred in failing to consider other evidence in the record. Appellants also contend that the district court erred in granting the motion for summary judgment.

The district court did not err in refusing to consider the affidavit evidence. See Fed. R. Civ. P. 56(e). Nor did the district court err in failing to consider other evidence in the record which was not presented to the court in conjunction with the opposition to the motion for summary judgment. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment, especially if the nonmoving party was well aware of the existence of such evidence. Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 916 n.7 & n.8 (5th Cir. 1992).

We have reviewed the briefs and the record. The district court did not err in granting summary judgment for the defendants-appellees because, as the record stands, there was no genuine issue as to any material fact, and the defendants-appellees were entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Because appellants continue to raise arguments that were previously presented to and rejected by this court in conjunction with the appeal in Detour v. Miller, No. 99-10827 (5th Cir. July 5, 2000), we DISMISS the instant appeal as frivolous.

In light of our finding that the instant appeal is frivolous, we GRANT the appellees' motion for sanctions to the

extent they seek to recover their costs for defending this appeal. The costs and fees are to be borne by counsel for the appellants. We DIRECT the appellees to file a bill of costs together with an affidavit setting forth expenses and attorney's fees reasonably incurred by them in connection with this appeal. See Fed. R. App. P. 39; 5th Cir. R. 39, 47.8.1. We DENY the appellants' motion for leave to file a sanction reply brief out-of-time.

APPEAL DISMISSED AS FRIVOLOUS; APPELLEES' MOTION FOR SANCTIONS GRANTED; APPELLEES DIRECTED TO FILE VERIFIED BILL OF COSTS AND ATTORNEY'S FEES; MOTION FOR LEAVE DENIED.